IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID SOUTH
d/b/a THE TOMAHAWK BAR,

       Plaintiff,

vs.                                           Civ. No. 00-559 JP/RLP

THE NAVAJO NATION; THE HONORABLE
LORETTA MORRIS, District Judge of the Navajo
Nation, Judicial District of Crownpoint, New Mexico;
GUY BENALLY, as parent and guardian of GERALD
BENALLY, a minor; ELLA MAE PERRY, as parent
and guardian of DUSTIN PERRY, a minor; RONALD
and CHARLOTTE SAUNDERS, as parents and
guardians of RUSSELL SAUNDERS, a minor; and
FARROLL DELGARITO,

       Defendants.

MEMORANDUM OPINION AND ORDER

On September 28, 2000, the Plaintiff filed a Motion to Reconsider (Doc. No. 24).[1]

Having carefully reviewed this Motion to Reconsider and the applicable law, I conclude that the

Motion to Reconsider should be denied.

I.  Background

On September 19, 2000, I entered a Memorandum Opinion and Order (Doc. No. 22)

denying the Defendants Navajo Nation and the Honorable Loretta Morris' (Defendants) Motion

to Dismiss for failure to exhaust tribal court remedies.  I, however, stayed this action until the

Plaintiff exhausts his remedies in the Navajo Nation court.  The Plaintiff argues in his Motion to

Reconsider that I should amend my Memorandum Opinion and Order to remand this case to the

---

[1]Although the Plaintiff's Motion to Reconsider was filed on September 28, 2000, it was
only entered on the docket on October 24, 2000.

Navajo Nation court with instructions to determine the issue of jurisdiction raised in the
Defendants' Motion to Dismiss prior to hearing the merits of the case.

II.  Standard for Motion to Reconsider

The Plaintiff did not specify the particular rule of procedure under which he moves for
reconsideration. However, the Tenth Circuit has clearly stated that regardless of how it is styled, a
motion questioning the correctness of a judgment made within ten days of the filing of the
judgment will be treated under Fed. R. Civ. P. 59(e).  *Dalton v. First Interstate Bank of Denver*,
863 F.2d 702, 703 (10th Cir. 1988).  S*ee also Phelps v. Hamilton*, 122 F.3d 1309, 1323 (10th
Cir. 1997). Because the Plaintiff's Motion to Reconsider was filed within ten days of the
September 19, 2000 Memorandum Opinion and Order, Rule 59(e) controls.  A Rule 59(e) motion
should be granted only to correct manifest errors of law or to present newly discovered evidence.
*Phelps*, 122 F.3d at 1324 (quoting *Committee for the First Amendment v. Campbell*, 962 F.2d
1517, 1523 (10th Cir. 1992)). Whether to grant or deny a motion for reconsideration is
committed to the district court's sound discretion. *Id*.

III.  Discussion

The Plaintiff's argument that I should have instructed the Navajo Nation court to address
the jurisdiction question first is construed to be one asserting a manifest error of law.  In
determining what is manifest error for purposes of Rule 59(e), courts have found that mere
disagreement with a court's findings does not constitute manifest error. *See, e. g.*, *Hutchinson v.
Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993); *F.D.I.C. v. Cage*, 810 F.Supp. 745, 747 (S.D. Miss.
1993). A motion to reconsider is appropriate when the court has made an error of
misapprehension, not of reasoning.  *United States v. Ibarra*, 920 F.2d 702, 706 n.3 (10th Cir.

2

1990), *judgment vacated on other grounds by* 502 U.S. 1 (1991)(quotations omitted).

In this case, the Plaintiff contends that I improperly relied on *Kerr-McGee Corp. v. Farley*, 115 F.3d 1498 (10th Cir. 1997), *cert. denied*, 522 U.S. 1090 (1998) and *Calumet Gaming Group-Kansas, Inc. v. Kickapoo Tribe of Kansas*, 987 F.Supp. 1321 (D. Kan. 1997) in staying this cause without instructing the Navajo Nation court to address the jurisdiction question first.  The Plaintiff also cites to *Hornell Brewing Co. v. Rosebud Sioux Tribal Court*, 133 F.3d 1087 (8th Cir. 1998) as authority for his proposition that the jurisdiction question must be addressed by the tribal court before reaching the merits of the case.

A.  *Kerr-McGee* and *Calumet*

*Kerr-McGee* specifically states that the courts "are required to allow full exhaustion of tribal court litigation, potentially including litigation of the merits."  115 F.3d at 1508.  *Calumet* states that "[i]t is apparent from the caselaw that in the Tenth Circuit tribal court remedies must be exhausted with respect to issues other than the scope of the tribal court's jurisdiction."  987 F.Supp. at 1328.  To support this conclusion, the district court in *Calumet* cited to *Texaco, Inc. v. Zah*, 5 F.3d 1374 (10th Cir. 1993), *Bank of Oklahoma v. Muscogee (Creek) Nation*, 972 F.2d 1166 (1992), and *Brown v. Washoe Housing Authority*, 835 F.3d 1327 (10th Cir. 1988).

The court in *Texaco* stated that the tribal exhaustion "rule provides that 'as a matter of comity, a federal court should not exercise jurisdiction over cases arising under its ... jurisdiction, if those cases are also subject to tribal jurisdiction, until the parties have exhausted their tribal remedies.'"  5 F.3d at 1376 (quoting *Tillett v. Lujan*, 931 F.2d 636, 640 (10th Cir. 1991)).  The *Texaco* court went on to explain that "[t]his rule applies to cases in which the tribal court's jurisdiction is at issue."  *Id.* (citing *National Farmers Union Ins. Companies v. Crow Tribe of*

*Indians*, 471 U.S. 845, 855-56 (1985)).  The *Texaco* court concluded that unless *National Farmers Union* prohibited the tribal court from determining whether it had jurisdiction, the tribal court had "the power to determine jurisdiction" and then to hear the merits of the case.  *Id.*

The court in *Bank of Oklahoma* found that the Bank, an intepleader, must exhaust tribal court remedies before bringing its interpleader action to federal court.  972 F.2d at 1170.  The court in *Brown* merely stated that considerations of comity require exhaustion of tribal remedies before bringing a suit in federal court.  835 F.2d at 1328.  Reading *Bank of Oklahoma* and *Brown*, together one can conclude as the district court in *Calumet* did that those cases do not limit tribal exhaustion just to jurisdictional issues.  987 F.Supp. at 1321.

I did not misapprehend *Kerr-McGee* and *Calumet*.  These two cases can be reasonably interpreted to allow tribal courts to decide both jurisdictional questions and the merits of the case before a plaintiff can bring a case in federal court.  Additionally, it was appropriate for me to cite to *Kerr-McGee* as reliable authority from this Circuit.  However, because *Kerr-McGee* and *Calumet* are based on the concept of comity, I believe it would be improper for me to dictate to the Navajo Nation court which issues it should decide first. *See Calumet*, 987 F.Supp. at 1330 n.4 (any active oversight of the tribal court's proceedings undermines the principles of comity).  The Plaintiff's interpretation of *Kerr-McGee* and *Calumet* including the cases cited in *Calumet* constitutes a mere disagreement with my conclusion that the Plaintiff must exhaust all of his remedies in tribal court before continuing his suit in federal court.  Consequently, I conclude that I did not commit a manifest error of law by relying on *Kerr-McGee* and *Calumet*.

B.  *Hornell Brewing*

The Plaintiff also bases his Motion to Reconsider on *Hornell Brewing*.  In *Hornell*, the Breweries filed suit in federal court claiming that the tribal court lacked jurisdiction. 133 F.3d at 1090.  The federal district court remanded the case to tribal court to conduct an evidentiary hearing on the issue of jurisdiction and enjoined the tribal court from considering the merits of the case.  *Id*. at 1091.  The parties appealed the district court's decision "assert[ing] differing viewpoints as to whether the district court properly issued a preliminary injunction...."  *Id.*  The Court of Appeals, however, did not address the district court's preliminary injunction but instead based its ruling on a lack of subject matter jurisdiction.  *Id.*  Since the Court of Appeals did not address the preliminary injunction issue, the issue presented in this Motion to Reconsider, I fail to see how *Hornell Brewing* provides any substantial support for the Plaintiff's proposition that the tribal court must make a jurisdiction determination first.  I, therefore, find that I did not commit a manifest error of law by not relying on *Hornell Brewing.*

IT IS ORDERED that Plaintiff's Motion to Reconsider (Doc. No. 24) is denied.


_____
CHIEF UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:             Thomas J. Hynes
                                   Hynes, Hale & Gurley
                                   Farmington, New Mexico

Counsel for Defendants
Navajo Nation and the
Honorable Loretta Morris:          Luke A. Macik and James J. Mason
                                   Mason, Isaacson & Macik, P.A.
                                   Gallup, New Mexico